UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE J. CLARK,

    Plaintiff,

v.                                         Case No. 07-11153

VILLAGE GREEN OF WATERFORD,      HONORABLE AVERN COHN
ERADICO PEST CONTROL SERVICES,
EASTER SEALS OF MICHIGAN, and
HOUSING PLUS, INC.,

    Defendants.

_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DISMISSING CASE[1]

### I. Introduction

This appears to be a housing case. Plaintiff Willie J. Clark, proceeding pro se[2] and without having to pay the filing fee, is suing defendants Village Green of Waterford (Village Green), Eradico Service's Inc. (Eradico),[3] Easter Seals of Michigan (Easter Seals), and Housing Plus, Inc. (Housing Plus) claiming that he was provided with substandard housing by defendants which violates his rights under the Fair Housing Act, and that he was discriminated against due to a mental disability.

Before the Court are separate motions to dismiss by defendants to which plaintiff

---

[1] Upon review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

[2] Plaintiff's request for the appointment of counsel was denied.

[3] The complaint improperly names Eradico Pest Control Services.

has responded. For the reasons that follow, the motions are GRANTED. This case is DISMISSED.

## II. Background

Plaintiff is currently a tenant in an apartment located in Waterford, Michigan and owned by Village Green. Plaintiff receives case management and medical treatment[4] though Easter Seals, a non-profit organization. Housing Plus is a non-profit corporation that provides leasing assistance with funds from a federal grant. Housing Plus worked with plaintiff and placed him in the apartment at Village Green. The lease for the apartment is in plaintiff's name but Housing Plus but it apparently pays a portion of plaintiff's rent. Eradico, under a contract with Village Green, was sent to plaintiff's apartment several times to provide bug treatments.

On March 16, 2007, plaintiff filed a complaint against defendants. The complaint is virtually unintelligible. From what can be gleaned, plaintiff complains about the conditions of his apartment and suggests that actions have been taken against him because of his disability and in violation of his civil rights.

## III. Legal Standards

A 12(b)(1) motion seeks dismissal for a court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction may be based on either a facial attack or a factual attack on the allegations of the complaint. Tri-Corp Mgmt. Co. v. Praznik, 33 F. App'x 742, 745 (6th Cir. 2002). If subject matter jurisdiction is facially attacked, the court must take all material allegations in the

---

[4]According to papers filed by Housing Plus, plaintiff suffers from a "co-occurring disorder that includes a history of mental illness and substance abuse."

2

complaint as true and construe them in a light most favorable to the nonmoving party. U.S. v. A.D. Roe. Co., 186 F.3d 717, 721–22 (6th Cir. 1999). If, however, there is a challenge to the factual existence of subject matter jurisdiction, the court is "empowered to weigh the evidence and no presumptions apply as to the truthfulness of the relator's allegations." Id.

A 12(b)(6) motion seeks dismissal for a plaintiff's failure to state a claim upon which relief can be granted. Fed. Rule Civ. P. 12(b)(6). "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). To survive a motion to dismiss under Rule 12(b)(6), a "'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir. 1999) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007); see also Iqbal v. Hasty, ___ F.3d ___, ___, Nos. 05-5768-CV (L) et al., 2007 U.S. App. WL 1717803, at *11 (2d Cir. June 14, 2007) (interpreting Bell Atlantic to mean that the pleader must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*").

In addition, a complaint must set forth a "short and plain statement" of the grounds for jurisdiction and grounds for relief. Fed. R. Civ. P. 8(a). Pro se complaints

3

are to be liberally construed, but the Court is not required to "conjure up unpled allegations." See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

IV. Analysis

A. Village Green

Village Green moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Village Green says that the complaint fails to articulate the factual or legal basis for a claim against it. Village Green also says that to the extent plaintiff states a claim, it is based on state law. The Court agrees. Broadly reading the complaint, the allegations pertaining to Village Green regarding the condition of his apartment, including (1) failing to provide inventory check-in lists, (20 failing to provide heat, (3) failing to keep the apartment in good repair, and (4) failing to remove roaches and/or other rodents. These claims are based on state landlord-tenant law over which this court does not have subject matter jurisdiction. In an paper styled as an "Amended Pleading," plaintiff appears to assert claims against Village Green under the ADA and Fair Housing Act. However, as with the complaint, this paper does not contain sufficient factual allegations from which a viable legal claim can be discerned.

B. Eradico

Eradico also moves to dismiss the complaint under Rule 12(b)(6) on the grounds that the allegations in the complaint fail to state a viable claim against it. The Court agrees. The only allegations against Eradico appear to be contained under the heading "alleged violation of discrimination, conspiracy, released medical information, deprivation and dilapidated home maintenance." However, the complaint does not

4

sufficiently state the nature of plaintiff's claim against Eradico. As Eradico says in its motion, it does not have a contract with plaintiff, it provided bug treatments at plaintiff's apartment at Village Green's request (with whom it does have a contract), and Eradico makes no warranty regarding its services. In his response, plaintiff says that Eradico used "toxic chemicals" in its treatments which have harmed him and his family. These allegations also fail to state a claim against Eradico.

### C. Housing Plus

Housing Plus moves to dismiss the complaint under Rule 12(b)(6). In its motion, Housing Plus provides the following background leading to the filing of the complaint.

> Toward the end of 2006, there were numerous meetings with [plaintiff] to discuss his treatment and the need for compliance with the rules of both his housing and mental health service programs. [Plaintiff] was non-compliant with his treatment, failed to follow up on appointment, refused access to his apartment, and refused to talk to the housing specialists who visited him. In January 2007, Housing Plus notified [plaintiff] that he was no longer eligible for the federal grant program. Village Green filed an eviction notice against [plaintiff] and Housing Plus.

Housing Plus' brief at p. 2-3. The eviction claim was settled on April 23, 2007 in which Housing Plus agreed to pay plaintiff's portion of the rent due. As stated above, plaintiff continues to reside at the apartment. Housing Plus also says that it is in the process of dissolving and its HUD grant is being transferred to another provider. However, it is working with its parent company to resolve plaintiff's housing situation and arrange fo suitable mental health support for plaintiff.

While plaintiff alleges discrimination by Housing Plus, the complaint fails to provide the necessary factual allegations so as to articulate a discernable legal claim. To the contrary, it appears that Housing Plus is attempting to secure plaintiff appropriate

5

housing and mental health treatment and plaintiff is not being subjected to any form of discrimination.

### D. Easter Seals

Easter Seals has moved to dismiss under Rule 12(b)(6) and under Rule 12(b)(1). As Easter Seals succinctly states:

> Although plaintiff generally states that there has been some type of discrimination and civil rights violations, there is no specificity as to the federal state or any constitutional provision which was allegedly violated. More importantly, the [complaint] is void of any allegation that Easter Seals or its representatives violated any rights and so such violation can be discerned or even inferred from any of the allegations in [the complaint].

Easter Seals' brief at p. 4-5. The Court agrees. Plaintiff has not stated a viable claim against Easter Seals.

## V. Conclusion

In sum, the complaint is legally deficient. From even a liberal reading of the complaint, plaintiff's reference to federal laws and discrimination fail to state a claim against any of the defendants that is plausible on its face. Rather, the crux of plaintiff's complaint appears to be based on housing conditions, which is a matter for the state courts under landlord tenant law.

SO ORDERED.

Dated: July 26, 2007   s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the parties of record and Willie Clark, 854 Village Green Ln, #309, Waterford, MI 48328 on this date, July 26, 2007, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160

6